INGRAHAM, J.
—Two demurrers were interposed to the complaint,—one on behalf of the defendants Oakman and Ryan, which stated three causes of demurrer, one being that the complaint does not state facts sufficient to constitute a cause of action,—and also a demurrer interposed by the defendant Yillard, alleging four distinct causes for demurrer, the fourth being that the complaint does not state facts sufficient to constitute a cause of action. The issues of law raised by these demurrers wmre sustained by the special term upon the ground, as appeared by the opinion of the learned judge, that the complaint did not state facts sufficient to constitute a *1141 cause of action against either of the defendants. As to the defendant Villard, it is quite clear that no cause of action either at law or in equity, is alleged. He is not alleged to have been a party to any agreement as between this plaintiff and the defendants Oakman and Ryan. It is not alleged that he has in his possession any property in which this plaintiff has any interest, nor is any fact alleged that would entitle this plaintiff to compel him to account to the plaintiff, or which would create any liability in favor of the plaintiff against him. Whatever rights the plaintiff acquired as between himself, Oakman, and Ryan, could only be enforced against Oak-man and Ryan, and in such an action it is quite clear that Villard has no interest. The judgment, so far as it sustains Villard’s demurrer, is clearly right, and should be affirmed.
The demurrer of the defendants Oakman and Ryan presents-a somewhat different question, and requires a short analysis cf the complaint. It is well to keep clearly in mind, kon ever, that the action is in equity, and asks that an account be taken of all the transactions and dealings of the defendants, and each of them, and of all the moneys received and paid by them, respectively, in relation to the business prosecuted by the said defendants for consolidating certain street railway companies in the city of Milwaukee, and that the amount which may be found to have been acquired and received by, or which became payable to, the defendants Oakman and Ryan as profits of the said business should be adjudged to be the property of Oak-man and Ryan and this plaintiff jointly, and that the plaintiff recover his share thereof. No judgment of any kind is asked as against Villard or Payne, but an accounting is asked as to all of the moneys received by Oakmán and Ryan as profits. No cause of action is alleged to recover the damages sustained for a breach of any contract made between plaintiff and Oakman and Ryan. The plaintiff does not claim that any such action for damages is alleged, or insist upon his right to maintain this action as an action for damages. This action will therefore be treated upon this appeal as an' action for an accounting in equity, and the question determined will be whether or not, upon the allegations of the complaint, the plaintiff is entitled to such equitable relief.
The complaint alleges that prior to October 16, 1889, the plaintiff was in possession and the owner of certain rights and privileges for the purchase and delivery and transfer to him of-a large majority of the shares of the capital stock of certain companies or corporations operating street railroads in the city of Milwaukee, and that the defendants Oakman and Ryan were the owners of a majority of the shares of the capital stock of the Milwaukee City Railroad Company, a corporation operating a street railroad in the city of Milwaukee. The complaint then alleges that the defendants Oakman and Ryan, being desirous that there should»be formed a new corporation, to be known as the Consolidated Company, and that there *1142 should be a union of interest betive.en.tkek plaintiff and the? said, defendants, an agreement was entered inho, between this pMhtiff; and said defendants Oakman and. Ryan*, the object and intent; of which is expressly stated to- be the promotion of the- interests of said Consolidated Company.. The. agreement is. not, set out in full, but its substance-is, alleged- The consideration! .is stated to be mutual covenants, and agreements to do> and refrain from doing the things and acts, therein specified ^ and the: plaintiff undertook “to arrange-to deliver-to the said Consolidated Company the entire capital stock of the said Milwaukee Railroad Company controlling its railroad property and franchises, free from any mortgage liens,, free of any contract, for construction, or other expenditures, and free of any claims upon said stock or property upon the part of one Hinckley or other persons.” This is the only provision of the' contract by which either of the parties expressly agreed to, do> any particular thing. The complaint then alleges that, in- addition to, this obligation of the plaintiff,, there were certain other provisions, which provided that the Milwaukee City Railroad Company and the' Milwaukee Cable Railroad Company were to-maintain and operate their respective properties j that the stockholders of the Milwaukee City Railroad Company were to turn into the treasury of the Consolidated Company the capital stock of said Milwaukee City Railroad Company ; that tke-MR~ waulcee Cable Railroad Company were to issue bonds, secured by a mortgage upon its property, to an amount specified, which were also to he turned over to the Consolidated Company, which company was also to make certain payments to other persons named, with a provision that the Consolidated Company, which had not been incorporated, and which, so far as appears, no one agreed to have incorporated, was to issue certain stock ; and that plaintiff and his associates were to refrain, from undertaking any street-railway enterprise to conflict with the interests of the said Consolidated Company.
■This is the contract that is alleged, and from its form, as alleged, it would appear that all of these provisions, except that in relation to the obligation of the plaintiff to deliver to the Consolidated Company the entire capital stock of the Milwaukee Cable Railroad Company, were executory in their nature, and contemplated the execution of further agreements to carry them into effect. Be that, however, as it may, there was no express obligation on the part of these defendants, any more than there was on the part of the plaintiff, to organize or have incorporated the Consolidated Company, or to procure that the other corporations named, or their stockholders, would do and perform the acts provided for in this contract. There was certainly no greater obligation upon the defendants Oak-man and Ryan to organize the Consolidated Company than there was upon the plaintiff, and the complaint expressly alleges that the said company was never organized or incorporated, and the obligation to turn over to said company the en *1143 tire capital stock of the Milwaukee Cable Company was never performed by the plaintiff. The carrying out of this contract depended entirely upon the organization of the Consolidated Company, the sole object of the parties to the contract being that there should be formed a new company, to be known as the Consolidated Company, and that the interests of such Consolidated Company, should be promoted. Yet the agreement is silent as to the persons who are to organize such company, and before the contract could become in any way effectual, or «capable of being enforced, the incorporation of such new company was necessary. It thus appearing that the new corporation (the sole object of the contract being to promote its interests) was never in fact organized, the plaintiff therefore never became entitled to the only interest that undep the contract lie ever ivas to become entitled to, namely, $300,000 of the f ully-paid capital stock of such Consolidated Company. We are not here dealing with a cause of action for a breach by the defendants of their contract or obligation, if any there was, to organize this new company, or to cause to be paid to plaintiff a portion of the capital stock in the new company which he was to receive. But what plaintiff asks in this action is that the defendants should account to him for subsequent transactions in relation to railroads in the city of Milwaukee, and pay to him a moiety of any profits that they may have realized in consequence of their dealings in relation to such railroad companies with others. Mow, it seems to us entirely clear that nothing in this contract, as alleged in the complaint, •created any partnership or joint adventure between the plaintiff and the defendants Oakman and Ryan, or any relation between them which would entitle the plaintiff to claim that all that Oakman and Ryan subsequently did in relation to street railroads in the city of Milwaukee was-part of the business which said co-partnership or joint adventure was organized to carry out. There was no agreement for a division of profits resulting from a partnership or joint adventure; no property in which the parties were to have a joint interest. What appears to have been contemplated by the contract Avas the formation of a neAAr •corporation, to Avhich Avas to be transferred certain properties, and of the capital stock of Avhich this plaintiff Avas to be entitled to a certain portion in full-paid stock. That corporation Avas never organzied. If there was any liability for such a failure to organize that corporation, in consequence of AAdiich qdaintiff sustained damage, his proper remedy is an action for ■damages against the -person or persons aaTlo Avere bound to organize the corporation, and in consequence of Avhose default he lost AAdiat he Avould have gained had the contract been carried out. Upon no principle that Ave can discover is the plaintiff authorized to call upon any one for an accounting as to operations or other adventures haAÚng no relation to this company, and in Avhich this plaintiff had no interest. The question hiere presented Avas exa,mined by thp learned judge at special *1144 term, and we might well have rested our affirmance of his judgment upon his opinion. We wish, however, to emphasize the distinction between an action in equity brought by the plaintiff,, and an action, upon the allegation of proper facts, to recover damages for a breach of a contract, and to hold on this appeal that upon the allegations of this complaint the plaintiff is not entitled to maintain this action against these defendants, or either of them, for an accounting, and that in the absence of any allegation that these defendants, or either of them, violated any contract, the plaintiff would not be entitled to maintain any action for damages.
We think, therefore, that the judgment below was clearly right, and it should be affirmed, with costs, with leave to the plaintiff, upon payment of the costs of appeal and costs of the court below, to amend his complaint, if so advised.
All concur.